UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERARD O'LEARY                              JURY TRIAL DEMANDED

v.                                          CASE NO.  3:13CV

GARY KAVULICH
6555 REALTY LLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA), and for abuse of process and violation of §53-568

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a resident of Guilford CT

4. Defendant 6555 Realty LLC is a New York entity which owns or manages of residential real property in the Count of Bronx, New York.

5. Defendant Kavulich is licensed as an attorney in New York State.

6. On December 7, 2012, Kavulich mailed a letter to plaintiff at his Guilford address claiming that his client 6555 Realty LLC had requested him to proceed with legal action against plaintiff for some $8,000 owed for rental of Apartment 3B at 6555 Broadway, New York.

7. Plaintiff' promptly telephoned Kavulich and advised that he never rented or lived in that apartment and was probably the victim of identity theft.

8. On February 6, 2013, Plaintiff confirmed through his attorney that "It appears someone may have used his identity" and requested full documentation of the claim.

9. Despite plaintiff's oral denial of liability, defendants filed suit in Bronx City Court on or about January 24, 2013, seeking payment for rental arrears, Docket No. 1360/13.

10. Defendants purported to serve a summons in that action on plaintiff on or about February 17, 2013, in Connecticut, even though §403 of the New York City Civil Code restricts service to "within the City of New York."

11. Defendant Kavulich was required to notify 6555 Realty of the identity theft claim, and provide information to plaintiff documenting the claim, but did not do so. 15 U.S.C. 1681m(g).

12. Since the summons could not lawfully be served on plaintiff in Connecticut and was ineffective to establish jurisdiction over plaintiff, the defendants commenced the Bronx action and served the summons to accomplish the purpose of forcing plaintiff to pay a debt he did not owe.

FIRST COUNT

13. In the collection efforts within one year prior to the date of this action, defendant Kavulich violated the FDCPA, § 1692d, -e, –f(1) or -g.

SECOND COUNT

14. In the collection efforts within one year prior to the date of this action, defendants used process to accomplish an ulterior purpose.

THIRD COUNT

15. In the collection efforts within three years prior to the date of this action, defendants violated CUTPA by the actions described above.

2

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against defendant Kulavich under the FDCPA, plus appropriate statutory, actual and punitive damages against defendants.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

                                        THE PLAINTIFF

                                        *Joanne S. Faulkner*

                                        BY__/s/ Joanne S. Faulkner__
                                        JOANNE S. FAULKNER ct04137
                                        123 AVON STREET
                                        NEW HAVEN, CT 06511-2422
                                        (203) 772-0395
                                        faulknerlawoffice@snet.net